# Richmond.

## JOHN P. HUDSON V. COMMONWEALTH.

### March 19, 1925.

#### Case submitted for decision before Judge Kelly qualified.

1. SODOMY—*Evidence Held not to Support Conviction.*—In the instant case, a prosecution for sodomy, there was no direct evidence that the specific crime charged, copulation *per os*, was committed. The circumstantial evidence created a strong suspicion that accused was guilty, but there was nothing else to discredit the denial of the accused, supported as it was by proof of his good reputation. Evidence of penetration is necessary to establish this revolting crime, and, while this may be and generally can only be shown by circumstantial evidence, such evidence must be convincing to a moral certainty and sufficient to exclude every reasonable doubt.

   *Held:* That the evidence would not support a conviction.

2. SODOMY—*Instructions.*—In a prosecution for sodomy, there was no direct evidence that the specific crime charged, copulation *per os*, was committed. The circumstantial evidence created a strong suspicion that accused was guilty, but there was nothing else to discredit the denial of the accused, supported as it was by proof of his good reputation. The court instructed the jury as follows: "The court instructs the jury that if they believe from the evidence in this case beyond a reasonable doubt that the accused and Shaffer indulged in carnal copulation together, and that said copulation was accomplished by the accused by taking the penis of Shaffer in his mouth, they should find the accused guilty as charged in the indictment and fix his punishment at confinement in the penitentiary for not less than one year, and not more than three years. It is not necesssary to prove emission by Shaffer, and the offense may be proven by circumstantial evidence as well as direct evidence."

   *Held:* That the court erred in giving this instruction.

Error to a judgment of the Corporation Court of the city of Norfolk.

*Reversed.*

The opinion states the case.

*Branch Johnson*, for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile, Assistant Attorney-General,* and *Lewis H. Machen, Assistant Attorney-General,* for the Commonwealth.

PRENTIS, P., delivered the opinion of the court.

[1, 2] The accused has been convicted, under Code section 4551, of a felony, and sentenced to two years imprisonment under an indictment charging him with having carnal copulation with a man. The case was twice tried, the jury having failed to agree upon the first trial.

The only question which it is necessary to consider arises under this instruction, given for the prosecution at the second trial:

"The court instructs the jury that if they believe from the evidence in this case beyond a reasonable doubt that the accused and Shaffer indulged in carnal copulation together, and that said copulation was accomplished by the accused by taking the penis of Shaffer in his mouth, they should find the accused guilty as charged in the indictment and fix his punishment at confinement in the penitentiary for not less than one year and not more than three years.

"It is not necessary to prove emission by Shaffer, and the offense may be proven by circumstantial evidence as well as direct evidence."

The evidence relied on need not be fully recited. The two men had been drinking heavily together, were found in the same bed so stupefied that water had to be thrown on both of them before either regained consciousness.

There is no direct evidence that the specific crime charged, copulation *per os*, was committed.   The conviction rests solely upon the fact that when they were with difficulty aroused, the head of the accused was resting upon the stomach of Shaffer, and that he held the penis of Shaffer in his hand.   That this creates a strong suspicion is unquestionably true, but this is all of the incriminating evidence, for the other circumstances related do not tend to show guilt or in any wise strengthen this incriminating evidence.   There is nothing else to discredit the denial of the accused, supported as it is by proof of his good reputation.

Under this evidence the court erred in giving the instruction and in sustaining the conviction which so manifestly rests only upon suspicion.   Evidence of penetration is necessary to establish this revolting crime, and while this may be and generally can only be shown by circumstantial evidence, such evidence must be convincing to a moral certainty and sufficient to exclude every reasonable doubt.

The judgment is therefore reversed and the case remanded for a new trial, if the Commonwealth elects to continue the prosecution.

*Reversed.*