## Richmond

### GEORGE STANLEY ASHBY v. COMMONWEALTH OF VIRGINIA.

January 15, 1968.

Record No. 6658.

Present, All the Justices.

*Melvin J. Radin* for plaintiff in error.

*Charles Shepherd Cox, Jr., Assistant Attorney General (Robert Y. Button, Attorney General; A. R. Woodroof, Assistant Attorney General*, on brief), for defendant in error.

GORDON, J., delivered the opinion of the court.

The indictment in this case charged George Stanley Ashby with a crime against nature (sodomy) in violation of Code § 18.1-212, in

that Ashby submitted to one William's having carnal knowledge of him by William's mouth.[1]

At Ashby's trial William testified that he and his friend James, each nine years old, were in Ashby's house at the time of the alleged offense. William testified: "he [Ashby] pulled down his pants, and told me to 'put my mouth on his privates', and so we [William and James] did it—and then, I heard my father on the front porch and I ran out." On cross-examination William was asked: "Now, did you mean you put your mouth on his 'penis' or 'privates'?" He answered: "Penis." James gave substantially the same testimony about the incident.

The jury found Ashby guilty of the offense charged in the indictment, and the trial court sentenced him to one year in the penitentiary in accordance with the jury verdict. Ashby appeals from the conviction order.

[1] Counsel argues that Ashby's conviction of sodomy should be reversed because there was no evidence that Ashby's penis penetrated William's mouth. We have held that penetration is an essential element of the crime of sodomy (*Hudson* v. *Commonwealth*, 141 Va. 525, 127 S.E. 89 (1925)) and, in fact, the trial court so instructed the jury in this case. As shown by the evidence, which we have set forth in the second preceding paragraph, the Commonwealth failed to prove penetration. For that reason Ashby's conviction must be reversed.

[2] Counsel argues also that the trial court erred in refusing to give an instruction that would have permitted the jury to find Ashby guilty of a misdemeanor, indecent exposure to William in violation of Code § 18.1-236.[2] An accused can be acquitted of the greater offense

---

[1] Code § 18.1-212 provides: "Crimes against nature.—If any person shall carnally know in any manner any brute animal, or carnally know any male or female person by the anus or by or with the mouth, or voluntarily submit to such carnal knowledge, he or she shall be guilty of a felony and shall be confined in the penitentiary not less than one year nor more than three years." Va. Code Ann. § 18.1-212 (Repl. vol. 1960).

Although the act for which Ashby was convicted is, strictly speaking, fellation rather than sodomy (*Black's Law Dictionary* 743, 1563 (4th ed. 1951)), the act is usually referred to as sodomy and we will use that term in this opinion.

[2] Code § 18.1-236 provides: "Indecent exposure.—Every person who intentionally makes an obscene display or exposure of his person, or the private parts thereof, in any public place, or in any place where others are present, or procures another to so expose himself, shall be guilty of a misdemeanor." Va. Code Ann. § 18.1-236 (Repl. vol. 1960). *Cf.* Code § 18.1-214, *infra* n. 4, which makes indecent exposure to a child under fourteen years with lascivious intent a felony.

charged in the indictment and at the same trial convicted of lesser offenses if the lesser offenses "be substantially charged in the indictment". Va. Code Ann. § 19.1-249 (Repl. vol. 1960). But an indictment charging a greater offense can be considered as also charging only those lesser offenses the elements of which are elements of the greater offense, and the accused can be convicted under the indictment only of the greater offense or of such lesser offenses. *Stapleton v. Commonwealth*, 140 Va. 475, 486, 124 S.E.237, 241 (1924).

Indecent exposure, though it may occur in almost all cases of sodomy where two persons are involved, is not a fact that must be charged or proved to sustain a conviction of sodomy in any case. See n. 1. Therefore, indecent exposure is not a lesser offense included in the offense of sodomy, and the trial court properly refused to give an instruction relating to indecent exposure.[3]

[3] Ashby's counsel says, and the Attorney General tacitly admits, that Ashby was convicted before the trial of this case of indecently exposing himself to William with lascivious intent in violation of Code § 18.1-214,[4] based upon the same evidence produced in this case (outlined in the second paragraph of this opinion). Counsel argues that this prosecution for sodomy was therefore barred by the double jeopardy clauses of the Fifth Amendment to the Constitution of the United States and Section 8 of the Constitution of Virginia and by Code § 19.1-259 (Va. Code Ann. § 19.1-259 (Repl.

---

[3] If, as Ashby's counsel says, Ashby had been previously convicted of indecent exposure with lascivious intent in violation of Code § 18.1-214 (*infra* n. 4) based upon the same evidence produced in this case, he could not have been convicted at his sodomy trial of the misdemeanor of indecent exposure. Because that misdemeanor is a lesser offense included in the offense of indecent exposure with lascivious intent, the double jeopardy clauses of the United States Constitution (if held applicable to the States through the Fourteenth Amendment) and the Constitution of Virginia would have barred prosecution for the misdemeanor. For a discussion of this point, see the text, *infra*.

The court could have properly rejected the instruction proffered by Ashby's counsel for the reason set forth in the preceding paragraph, had the evidence in the prosecution for indecent exposure with lascivious intent been properly before the court in this case.

[4] Code § 18.1-214 provides: "Exposure of one's sexual or genital parts to child.—Any person twenty-one years of age or over who, with lascivious intent, shall knowingly and intentionally expose his or her sexual or genital parts to any child under the age of fourteen years to whom such person is not legally married shall be guilty of a felony and shall be confined in the penitentiary not less than two nor more than five years, or, in the discretion of the jury or the court trying the case without a jury, confined in jail not more than twelve months or fined not more than five hundred dollars, or both." Va. Code Ann. § 18.1-214 (Repl. vol. 1960).

vol. 1960)), which forbids a second conviction where the same act violates two or more statutes.

The double jeopardy clauses would have barred the Commonwealth from prosecuting Ashby for sodomy after his conviction of indecent exposure with lascivious intent only if the offenses are identical or if one offense is necessarily included in the other offense.

The two offenses are not identical unless the facts necessary to sustain a conviction of one offense would necessarily have sustained a conviction of the other offense. *Blockburger* v. *United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.ed. 306, 309 (1932); *Miles* v. *Commonwealth*, 205 Va. 462, 467, 138 S.E.2d 22, 26 (1964). To sustain a conviction of indecent exposure with lascivious intent, the Commonwealth must prove that the accused knowingly and intentionally exposed sexual or genital parts, with lascivious intent, to a child under fourteen to whom the accused was not married. See n. 4. To sustain a conviction of sodomy, the Commonwealth must prove that the accused had carnal knowledge in the manner set forth in the statute. See n. 1. So the facts necessary to sustain convictions of indecent exposure with lascivious intent and of sodomy are different.

Furthermore, neither offense is necessarily included within the other offense. As we have pointed out, the misdemeanor of indecent exposure is not included within the offense of sodomy because the elements of indecent exposure are not included within the elements of sodomy. Similarly, the elements of indecent exposure with lascivious intent are not included within the offense of sodomy, nor are the elements of sodomy included within the offense of indecent exposure with lascivious intent.

[4] As already mentioned, counsel also relies on the statutory prohibition of Code § 19.1-259 against a second conviction where the same act violates two or more statutes. But as shown by the facts outlined in the second paragraph of this opinion, Ashby committed two acts, the act of indecent exposure and the act of submitting to contact between his penis and William's mouth. So even if the conviction of indecent exposure with lascivious intent was based on the same evidence produced in this case, Code § 19.1-259 is not applicable. See *Jones* v. *Commonwealth*, 208 Va. 370, 157 S.E.2d 907 (1967).

*Reversed and remanded.*