COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Annunziata
Argued at Alexandria, Virginia


FRED CARDWELL
                                              OPINION BY
v.         Record No. 2709-97-4    JUDGE JERE M. H. WILLIS, JR.
                                           DECEMBER 8, 1998
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                   James H. Chamblin, Judge

           Elwood Earl Sanders, Jr., Director
           Capital/Appellate Services (Public Defender
           Commission, on briefs), for appellant.

           Jeffrey S. Shapiro, Assistant Attorney
           General (Mark L. Earley, Attorney General, on
           brief), for appellee.


     Fred Cardwell contends that the trial court abused its

discretion by allowing the Commonwealth to reopen its case on a

lesser-included offense after a motion to strike had been

granted.  We find no error and affirm the judgment of the trial

court.

                     I.   BACKGROUND

     Upon investigation of allegations that he had sexually

abused his four-year-old daughter, Cardwell admitted both to his

wife and to a Loudoun County investigator that he had been

sexually abusing his daughter for several months.  He was

indicted for aggravated sexual battery, in violation of Code

§ 18.2-67.3 (Count I) and forcible sodomy (cunnilingus), in

violation of Code § 18.2-67.1 (Count II).

     At the conclusion of the Commonwealth's case-in-chief,

Cardwell moved to strike both counts on the ground of insufficient evidence. The trial court denied the motion to strike the aggravated sexual battery count (Count I). Holding the evidence insufficient to prove penetration, the trial court granted the motion to strike the forcible sodomy count, but upon motion of the Commonwealth, amended Count II to charge a lesser-included offense of aggravated sexual battery.[1] See Gorham v. Commonwealth, 15 Va. App. 673, 678, 426 S.E.2d 493, 496 (1993). Thus, Cardwell faced two counts of aggravated sexual battery. Before the jury was instructed, Cardwell changed his pleas and pled guilty to both counts of aggravated sexual battery.

Before sentencing, Cardwell moved to withdraw his guilty plea to Count II. He conceded that his guilty plea was not induced by force or coercion, but argued that the amendment of Count II subjected him to double jeopardy and was an abuse of discretion, causing manifest injustice. The trial court denied Cardwell's motion to withdraw his guilty plea. Cardwell contends on appeal that the trial court abused its discretion in allowing the Commonwealth to reopen its case[2] after the motion to strike

_____

[1]Cardwell did not raise before the trial court, and has not raised in this appeal, the question whether aggravated sexual battery is a lesser offense included in a charge of forcible sodomy. Therefore, we do not have that question before us and do not address it.

[2]The Commonwealth did not reopen its case. It submitted the amended charge on the evidence previously presented. We consider Cardwell's contention on appeal to be that the trial court erred in permitting the amendment of Count II and in permitting the

had been granted.

## II.  WAIVER OF APPEAL THROUGH GUILTY PLEA

Cardwell contends that his guilty plea did not waive his right to appeal and that the trial court abused its discretion in denying his motion to withdraw his guilty plea to Count II.

> [W]hether or not an accused should be allowed to withdraw a plea of guilty for the purpose of submitting one of not guilty is a matter that rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case. . . . [T]he motion should not be denied, if timely made, and if it appears from the surrounding circumstances that the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion, or undue influence and would not otherwise have been made.

Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949).

The evidence presented at the June 23, 1997 hearing discloses no honest mistake, fraud, coercion, or undue influence underlying Cardwell's plea.  His counsel conceded that the trial court asked Cardwell questions that included:  "Is this what you want to do?  Are you doing this freely and voluntarily?  Are you doing this because you are, in fact, guilty?" and that "Cardwell answered all of them in the affirmative, including the question that he understands that he loses certain rights and that includes the right to appeal."

(..continued)
Commonwealth to go forward on that amended count.

The evidence supports the finding that Cardwell's guilty plea was made freely, voluntarily, and without fear or coercion. The trial court did not abuse its discretion in denying his motion to withdraw his guilty plea. See Hoverter v. Commonwealth, 23 Va. App. 454, 464-65, 477 S.E.2d 771, 775-76 (1996).

Cardwell's guilty plea controls this appeal. He pled guilty without raising a double jeopardy issue and has waived his right to appeal that issue. "Because [the appellant] failed to raise his double jeopardy claim until after his conviction, the claim was not timely raised and was therefore waived." See Essex v. Commonwealth, 18 Va. App. 168, 174, 442 S.E.2d 707, 711 (1994) (citation omitted).

The judgment of the trial court is affirmed.

Affirmed.