COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Clements
Argued at Salem, Virginia


SHAWN WAYNE BREEDEN

MEMORANDUM OPINION* BY
v.    Record No. 0404-02-3      JUDGE RUDOLPH BUMGARDNER, III
JANUARY 28, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
John J. McGrath, Jr., Judge

Aaron L. Cook (Aaron L. Cook, PC, on brief),
for appellant.

Donald E. Jeffrey, III, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief) for appellee.


A jury convicted Shawn Wayne Breeden of forcible sodomy and object sexual penetration in violation of Code §§ 18.2-67.1 and 18.2-67.2.  He contends the evidence was insufficient to prove penetration for either offense and the Commonwealth failed to prove the chain of custody for evidence analyzed by the state laboratory.  We reverse the conviction of sodomy and affirm the conviction of object sexual penetration.

On appeal, we view the evidence and all reasonable inferences therefrom in the light most favorable to the Commonwealth.  Commonwealth v. Taylor, 256 Va. 514, 516, 506

───────────────

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

S.E.2d 312, 313 (1998).  The nine-year-old victim was spending the night at the home of the defendant's sister.  The victim testified the defendant kneeled beside the bed where she was sleeping and touched her vagina with his fingers and tongue. She told the investigator and the nurse that the defendant was licking her "between her legs," but she did not know whether his tongue went inside her vagina.[1]  His fingers touched her "around the outside," but she could not recall whether his finger went inside.

Penetration is an element of forcible sodomy.  Code § 18.2-67.1; Hudson v. Commonwealth, 141 Va. 525, 527, 127 S.E. 89, 89 (1925).  It is also an element of object sexual penetration.  Code § 18.2-67.2.  In both cases the defendant must penetrate the external part of the female genitalia.

---

[1] At trial, the Commonwealth's attorney questioned the victim:

> Q:  What body part was he touching?
> A:  I call it the vagina.
> Q:  And what part of his body was touching your vagina?
> A:  His fingers and his tongue.

The Court then questioned the victim:

> COURT:  . . . [Y]ou also indicated that he was licking your vagina?
> A:  Yes.
> COURT:  And did his tongue go inside of you?  Could you feel it going in a short distance?
> A:  I don't know.

Horton v. Commonwealth, 255 Va. 606, 612-13, 499 S.E.2d 258, 261 (1998); Code § 18.2-67.2.

The victim's testimony established contact, but did not establish penetration from either act. The nine-year-old victim used the term "vagina" and responded affirmatively when asked, "Do you know your body parts?" However, the record gives no indication that she used the term "vagina" as a precise anatomical term. As stated in Moore v. Commonwealth, 254 Va. 184, 190, 491 S.E.2d 739, 742 (1997), "there is no indication whatever in the record that the young victim here was aware of the intricate structure of her sexual organ." As further explained in Horton, she "used the term 'vagina' generally to describe the external portion of her genitalia." 255 Va. at 615, 499 S.E.2d at 262.

While the victim's testimony did not establish penetration, the medical evidence proved digital penetration. The sexual assault nurse examiner examined the victim a few hours after the assault. She described the victim's genital area as very swollen and reddened. The nurse observed a slight tear in the vaginal vault just beyond the hymen, which was swollen. She described it as "a significant tear in a child" because it was visible with the naked eye. The tear was "a typical injury from something either rubbing against or touching that would have stretched that area." Something was either "inserted" into the vagina or "some kind of pressure" caused stretching of the area.

-

The injury could not have been self-inflicted, but a finger could have caused it.

The nurse testified the victim had a tear in the "vaginal vault" beyond her hymen. Insertion or pressure to the area caused the tear. The nurse used the anatomical terms precisely. Even the act of applying pressure to that area required that the defendant had penetrated the labia majora. Code § 18.2-67.2 provides, "an accused is guilty of inanimate . . . object sexual penetration if he . . . penetrates the labia majora . . . of a complaining witness . . . ."

The victim's testimony was insufficient to prove penetration, but when coupled with the medical testimony, the evidence proved the defendant penetrated the victim with his finger. "Given the circumstantial evidence of [digital] penetration adduced by the Commonwealth in this case, the [fact finder] could rationally discount the uncertainty reflected in the prosecutrix's testimony . . . ." Elam v. Commonwealth, 229 Va. 113, 115, 326 S.E.2d 685, 687 (1985) (although victim's testimony did not prove penetration, when coupled with medical and forensic evidence, the evidence was sufficient). However, the medical evidence that proved digital penetration negated penetration during sodomy. The nurse stated a tongue could not have created the tear she observed. Accordingly, the Commonwealth failed to prove penetration for sodomy.

-

The defendant contends the trial court erred in admitting the certificate of analysis of the DNA evidence. He maintains there was a break in the chain of custody because the Commonwealth failed to call the evidence clerk who placed the package in the mail. The Commonwealth proved all steps in the chain of evidence from the time it was obtained by the nurse until it was wrapped and sealed, and placed intact for the clerk to mail. It also proved the laboratory received the package unaltered. When returned to the police department, the only alteration to the package and its seal was that made by the forensic scientist during testing.

The evidence proved the evidence was sealed before being left for the evidence clerk to mail. The laboratory received it in the same condition, and returned it to the police department. The police received it in the same condition as it left the laboratory. "A chain of custody is properly established when the Commonwealth's evidence provides reasonable assurance that the sample to be admitted at trial is the same sample, and in the same condition, as when it was first obtained." Johnson v. Commonwealth, 259 Va. 654, 678, 529 S.E.2d 769, 783, cert. denied, 531 U.S. 981 (2000). The evidence permits the finding that the evidence was in the same condition as when obtained. "[T]he Commonwealth is not required to eliminate every conceivable possibility of substitution, alteration, or tampering." Id.

-

"Where there is mere speculation that contamination or tampering could have occurred, it is not an abuse of discretion to admit the evidence and let what doubt there may be go to the weight to be given the evidence." Reedy v. Commonwealth, 9 Va. App. 386, 391, 388 S.E.2d 650, 651-52 (1990). The Commonwealth proved the chain of custody, and the trial court did not abuse its discretion in admitting the evidence.

Accordingly, we affirm the conviction of object sexual penetration, and we reverse the conviction of sodomy.

Affirmed in part, and
reversed in part.

-