COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Clements and McClanahan
Argued at Richmond, Virginia


JAMES SYDNEY FINCHAM, JR.

v.        Record No. 3361-02-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JEAN HARRISON CLEMENTS
JUNE 8, 2004


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
F. Ward Harkrader, Jr., Judge

Elizabeth P. Murtagh, Senior Assistant Public Defender (Office of
the Public Defender, on brief), for appellant.

Margaret W. Reed, Assistant Attorney General (Jerry W. Kilgore,
Attorney General; John H. McLees, Senior Assistant Attorney
General, on brief), for appellee.


James Sydney Fincham, Jr., was convicted in a bench trial of forcible sodomy, in violation of Code § 18.2-67.1, animate object sexual penetration, in violation of Code § 18.2-67.2, and aggravated sexual battery, in violation of Code § 18.2-67.3.  On appeal, Fincham contends (1) the evidence was insufficient to prove beyond a reasonable doubt that he was guilty of forcible sodomy and animate object sexual penetration and (2) his conviction of aggravated sexual battery was barred by Code § 19.2-294 and the principle of double jeopardy because the act of penetration used to convict him of animate object sexual penetration was the same act used to convict him of aggravated sexual battery.  The Commonwealth concedes the evidence was insufficient to support Fincham's conviction of forcible sodomy.  Accordingly, we reverse that conviction.  Finding no further error, we affirm the other two convictions.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I. BACKGROUND

The relevant facts in this appeal are not in dispute. During the months of October through December 2000, Fincham lived with his wife, stepson, and twelve-year-old stepdaughter, A.C., in Albemarle County. On February 1, 2001, Detective K.W. Robinson of the Albemarle County Police Department received a call from Child Protective Services regarding a complaint by A.C. that Fincham had sexually abused her. That same day, Robinson met with A.C. and interviewed her concerning her complaint.

As testified to by Detective Robinson, A.C.'s complaint, which was admitted into evidence as a recent complaint of criminal sexual assault, was that, on more than one occasion between Halloween and Christmas, Fincham called A.C. into his bedroom while he was clad in his T-shirt and shorts and asked her to rub his back. A.C. knew Fincham suffered from diabetes and he often asked her to rub his sore back. On one occasion, when A.C., who was wearing a T-shirt and a pair of jeans, came into the room, Fincham, who had the covers on top of him, began to kiss and fondle her breasts and then told her to take her pants down. She then took her pants off, whereupon "her father" began to rub her vaginal area, caress her breasts, and kiss her breasts. Fincham then directed her to get between his legs and place her mouth on his penis. She did so for about five or ten minutes "till stuff came out." Fincham then directed her to go to the bathroom and wash out her mouth.

After receiving A.C.'s complaint, Robinson met that same day with Fincham. The videotaped interview of their meeting was viewed by the trial judge and admitted into evidence as

Commonwealth's "Exhibit 1." In that interview, Robinson told Fincham he was investigating A.C.'s complaint that "her father had raped her." Fincham responded, "Well I ain't raped my daughter." Fincham acknowledged that A.C. would come to his room at his request to rub his back and swollen feet and legs. He stated, however, that he suffered from diabetes and high blood pressure and was "having trouble having sex with my wife" and "having trouble even getting it to come up." Robinson responded that A.C. told him Fincham had a problem getting an erection and "would have [her] put [her] mouth on his penis to get an erection," to which Fincham replied, "I don't do no junk like that." When Robinson suggested that Fincham began to touch A.C.'s back and then her "private area," Fincham responded, "I don't bother my daughter, like I said, you—you know, I just don't do that junk."

Later in the interview, when Robinson suggested to Fincham that he should tell the truth and not force A.C. to testify against him, Fincham admitted, "I have touched my daughter." He added, however, that he "never put [his] pecker on her or nothing like that" and did not "ask her to put her lips on it." When Robinson encouraged Fincham to "be up front with him all the way," Fincham stated, "I'm being up front with you. I'm going to tell you, I have touched her. I ain't never put my stuff on her." Fincham also said, "I have rubbed her before," but denied he had ever put his penis "inside of her." When told by Robinson that A.C. said Fincham had put a finger "inside of her" while touching her "private parts," Fincham responded, "I didn't put my finger up there," adding, "I just rubbed on her." When told by Robinson that A.C. said Fincham had touched her breasts and her "butt," Fincham agreed that he had touched her breasts. Later, Robinson told Fincham that A.C. described his penis as being "between her legs" and, when asked if, when his penis was "between her legs," it was "in [her] private part . . . [her] vagina," A.C. said she thought so. Fincham responded, "No, I'm not raping my daughter. And I never put my thing in her, even on her. I rubbed both my hands on [it]."

- 3 -

At trial, asked to explain what happened between Halloween and Christmas of 2000 that she reported to Detective Robinson, A.C. testified as follows:

A. Well, [Fincham] touched me in my private place and made me touch him.

Q. In this private—okay. Where were you when this happened?

A. At home.

Q. Okay. And do you know what room you were in?

A. My mom's room.

Q. And was your mom home?

A. No.

Q. And you said what—you said he touched you—made him touch your private part? Can you tell the judge what part you're talking about?

A. (no audible response)

Q. Could you point at—your top private part or your bottom private part?

A. Bottom.

Q. Okay. And what did he touch you with?

A. His hand.

Q. And you said that he made you touch his private part? What did he make you touch his private part with?

A. My hand.

Q. Anything else?

A. No.

Q. Okay. And when he touched your bottom private part, did he touch you on the inside—

- 4 -

Following an objection to the question by defense counsel as being a leading question, the Commonwealth rephrased the question, and the examination continued as follows:

Q. Could you tell the judge about how he touched your private part?

A. He took his hand and he was like rubbing in between.

Q. Okay. And—and—and [w]hen you say in between, can you tell him in between what?

A. My private part.

Q. Okay. How long did this go on for?

A. About fifteen (15) minutes.

Fincham was subsequently convicted of forcible sodomy, animate object sexual penetration, and aggravated sexual battery, and this appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

### A. Standard of Review

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987). "'In so doing, we must . . . regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (quoting Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988)). We are further mindful that "the credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Crawley v. Commonwealth, 29 Va. App. 372, 375, 512 S.E.2d 169, 170 (1999). We will not disturb the conviction unless it is

plainly wrong or unsupported by the evidence.  Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).

### B.  Forcible Sodomy

On appeal, Fincham contends the evidence failed to prove he committed an act of sodomy against A.C.  The Commonwealth acknowledges that the forcible sodomy charge was based on its contention that Fincham had caused A.C. to commit fellatio on him.  The Commonwealth concedes that A.C.'s testimony not only failed to support that contention, but actually contradicted it.

To convict Fincham of sodomy by committing fellatio on A.C., the Commonwealth was required to prove, in relevant part, that Fincham's penis penetrated A.C.'s mouth.  See Ashby v. Commonwealth, 208 Va. 443, 158 S.E.2d 657 (1968).  At trial, A.C. testified that Fincham made her touch his private part with her hand only and nothing else.  In the interview between Fincham and Detective Robinson, Fincham specifically denied that A.C. put her mouth on his penis.

Moreover, Robinson's testimony relating A.C.'s report to him that Fincham made her put her mouth on his penis for five or ten minutes "till stuff came out" was admitted by the trial court as a recent complaint of criminal sexual assault pursuant to Code § 19.2-268.2.  "Evidence of the victim's out-of-court complaint is not admissible as independent evidence of the offense.  Standing alone, it is insufficient to support a conviction.  However, it is admissible to corroborate the victim's testimony and other independent evidence of the offense."  Mitchell v. Commonwealth, 25 Va. App. 81, 85-86, 486 S.E.2d 551, 553 (1997); see Code § 19.2-268.2.  Because A.C.'s complaint to Robinson concerning the act of fellatio did not corroborate her testimony or other independent evidence of the offense, it could not be considered by the fact finder as independent evidence to support the conviction.  Thus, the Commonwealth's evidence was insufficient to convict Fincham of forcible sodomy by committing fellatio.

C. Animate Object Sexual Penetration

Fincham next argues that the evidence was insufficient to convict him of animate object sexual penetration because the Commonwealth did not prove he touched and penetrated A.C.'s female sex organ. We disagree.

Code § 18.2-67.2 provides, in pertinent part, that "[a]n accused shall be guilty of inanimate or animate object sexual penetration if he or she penetrates the labia majora . . . of a complaining witness . . . with any object, . . . and . . . [t]he complaining witness is less than thirteen years of age." "The fact that the [object] is placed *on,* not *in*, the woman's sexual organ is insufficient to establish the element of penetration." Moore v. Commonwealth, 254 Va. 184, 189, 491 S.E.2d 739, 741 (1997). However, "[f]or the purposes of Code § 18.2-67.2, . . . penetration '"need be only slight."'" Jett v. Commonwealth, 29 Va. App. 190, 194, 510 S.E.2d 747, 749 (1999) (en banc) (quoting Horton v. Commonwealth, 225 Va. 606, 612, 499 S.E.2d 258, 261 (1998) (quoting Ryan v. Commonwealth, 219 Va. 439, 444, 247 S.E.2d 698, 702 (1978))).

> "[P]enetration of any portion of the vulva, which encompasses the 'external parts of the female sex organs considered as a whole' and includes, beginning with the outermost parts, the labia majora, labia minora, hymen, vaginal opening and vagina . . . is sufficient" to establish the element of penetration.

Moore, 254 Va. at 190, 491 S.E.2d at 742 (quoting Love v. Commonwealth, 18 Va. App. 84, 88, 441 S.E.2d 709, 712 (1994) (quoting 4 J.E. Schmidt, Attorneys' Dictionary of Medicine V-106 (18th ed. 1990))).

Here, A.C., who was twelve years old at the time of the offense, told Detective Robinson that, after she removed her pants at Fincham's direction, Fincham rubbed her vaginal area. A.C. also testified at trial that Fincham "touched [her] *in* [her] private place" with his hand. (Emphasis added). She further testified that the touching occurred to her "[b]ottom" private part and that Fincham "took his hand and . . . was like rubbing *in between*" her "private part" for approximately

- 7 -

fifteen minutes. (Emphasis added). Moreover, when confronted by Detective Robinson with A.C.'s accusation that he penetrated her vagina with his finger, Fincham denied putting his finger "*up* there," but admitted that he "touched" and "rubbed on" what was plainly understood to be, given the context of the admission, A.C.'s vaginal area. (Emphasis added). When asked by Robinson if he had placed his penis in A.C.'s vagina, Fincham denied raping A.C., saying, "I never put my thing in her, even on her. I rubbed both my hands on [it]."

We hold that the fact finder could reasonably infer from this evidence, in particular A.C.'s testimony that Fincham rubbed "in between" her "private part," that Fincham rubbed his hand between the lips of A.C.'s female sex organ and, thus, penetrated the labia majora, or outermost portion of her vulva. See Morrison v. Commonwealth, 10 Va. App. 300, 301, 391 S.E.2d 612, 612 (1990) ("Penetration may be proved by circumstantial evidence and is not dependent on direct testimony from the victim that penetration occurred."). Thus, the evidence was sufficient to prove beyond a reasonable doubt that Fincham was guilty of animate object sexual penetration.

### III. MOTION TO DISMISS

Fincham contends the trial court erred in denying his motion to dismiss the indictment for aggravated sexual battery. He asserts that "rubbing" A.C.'s genitalia, the act of penetration used to convict him of animate object sexual penetration, was the same act used to convict him of aggravated sexual battery. Therefore, he argues, his conviction of aggravated sexual battery was barred by Code § 19.2-294 and the principle of double jeopardy.

In response, the Commonwealth argues (1) that Code § 19.2-294 does not apply where, as here, two statutory crimes are tried simultaneously, (2) that double jeopardy principles are not violated where the act claimed to be a lesser-included offense goes beyond conduct that is inherent in the act constituting the greater offense, and (3) that the aggravated sexual battery charge was

predicated not on Fincham's penetration of the victim's vulva but on his other sexual acts of rubbing her vulva and causing A.C. to fondle his penis.

We begin by noting that Fincham did not file his written motion seven days prior to trial as required by Rule 3A:9(b) and (c). His motion to dismiss was filed after the findings of guilt to each of the three charges and prior to sentencing. To argue a violation of double jeopardy protections or Code § 19.2-294, an accused must present his plea in writing seven days prior to the trial date. See Rule 3A:9(b) and (c); Cooper v. Commonwealth, 13 Va. App. 642, 644, 414 S.E.2d 435, 436 (1992). If Rule 3A:9 is not followed, the accused is deemed to have waived these concerns.[1] Freeman v. Commonwealth, 14 Va. App. 126, 127-28, 414 S.E.2d 871, 872 (1992); Cardwell v. Commonwealth, 28 Va. App. 563, 566, 507 S.E.2d 625, 627 (1998). However, the Commonwealth raised no challenge below to the timeliness of Fincham's motion to dismiss, nor does it raise such a challenge on appeal. Because the trial court heard argument from both parties on the motion and ruled upon the motion, we will consider the question here.

Code § 19.2-294 provides in pertinent part that, "[i]f the same act be a violation of two or more statutes . . . , conviction under one of the statutes or ordinances shall be a bar to a prosecution or proceeding under the other." However, Code § 19.2-294 is applicable only to multiple or successive prosecutions, and does not apply to a simultaneous prosecution such as occurred in this case. See Slater v. Commonwealth, 15 Va. App. 593, 595, 425 S.E.2d 816, 817 (1993). Thus,

---

[1] In his appellate brief, Fincham, recognizing that he had not complied with Rule 3A:9, explains as follows:

> There was no pre-trial motion to dismiss filed since there was sufficient evidence presented at the preliminary hearing to support two separate acts and two separate convictions. The [C]ommwealth at trial did not present this additional evidence and the motion to dismiss only became an issue at the end of the case.

because Fincham was tried for aggravated sexual battery and animate object sexual penetration in a single, simultaneous prosecution, Code § 19.2-294 is inapplicable here.

As to his double jeopardy defense, Fincham asserts that, because the exterior of the genitalia must be touched before reaching the interior of the genitalia, his act of "rubbing" A.C.'s genitalia was part of the same act that amounted to the penetration of A.C.'s vulva. Consequently, he argues that, under these facts, aggravated sexual battery was a lesser-included charge of animate object sexual penetration, and, pursuant to Blockburger v. United States, 284 U.S. 299 (1932), he could not be convicted of both.

We find Fincham's double jeopardy claim meritless because nothing in the record demonstrates that both convictions necessarily arose out of the same physical contact. The Commonwealth argued to the trial court that the aggravated sexual battery charge was predicated not only on Fincham's contacts with A.C.'s vulva, but also on his causing her to touch his penis with her hand and on his touching her breasts. A.C.'s testimony that Fincham made her touch his "private part" with her hand and Fincham's admission in his statement to Detective Robinson that he touched A.C.'s breasts both support a finding that Fincham "sexually abuse[d] the complaining witness," who was "less than thirteen years of age." Code § 18.2-67.3; see also Code § 18.2-67.10. Because these acts are separate and distinct from the penetration of A.C.'s vulva, they may support a separate conviction. See, e.g., Martin v. Commonwealth, 221 Va. 720, 273 S.E.2d 778 (1978). We conclude, therefore, that the trial court did not err in denying Fincham's motion to dismiss.

Accordingly, we reverse and dismiss Fincham's conviction of forcible sodomy and affirm his convictions of animate object sexual penetration and aggravated sexual battery.

<u>Reversed and dismissed in part, affirmed in part.</u>