COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Petty and Beales
Argued at Salem, Virginia


BRENT ELDRED JOHNS

MEMORANDUM OPINION[*] BY
v.        Record No. 0568-07-3              JUDGE WILLIAM G. PETTY
                                           FEBRUARY 12, 2008

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
Herman A. Whisenant, Jr., Judge Designate

George W. Nolley for appellant.

Richard B. Smith, Special Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Brent Eldred Johns pleaded guilty to two counts of grand larceny.  Both offenses occurred on June 11, 2005.  We granted his petition for appeal to address only one narrow issue:  did the trial court commit reversible error by refusing to grant appellant's motion to merge the two indictments, thereby subjecting him to multiple punishments for the same criminal act?[1]  We conclude the trial court did not commit reversible error and affirm.[2]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] At the hearing on July 19, 2006, Johns also entered guilty pleas to the following charges:  three counts of forgery, three counts of uttering a forged check, and an additional count of grand larceny.  These convictions are not before us on appeal.

[2] In the petition for appeal, Johns raised a second issue and alleged the trial court improperly denied his motion to withdraw his guilty pleas to nine indictments.  Although we denied relief on this second issue, counsel for Johns has once again raised this issue in the opening brief.  Pursuant to our rules, we decline to address the second issue because it is not properly before us for review.  See Rule 5A:12(c); Cruz v. Commonwealth, 12 Va. App. 661, 661 n.1, 406 S.E.2d 406, 407 n.1 (1991).

I.

When Johns appeared before the trial court to enter his guilty pleas to the indictments, the

Commonwealth proffered the following evidence to support the June 11, 2005 grand larceny

convictions at issue:

> Your Honor, had this case gone to trial, the Commonwealth would have presented witnesses who would have testified that there is a company in Campbell County known as Powell's Truck and Equipment and they have accounts for various customers of theirs. One of the accounts they have is for Blue Ridge Beverage Company.
>
> An individual came in on June 9th and again on June 11th and ordered various parts from Powell's Truck Company, all in excess of $200.00. On June 9th, it was $1,603.48. On June 11th, the first set of purchases was $1,065.96, and the second set of purchases on June 11th was $772.11.
>
> The defendant, Mr. Johns would be identified by the various clerks who were working that day as the individual who came in and made these three set[s] of purchases.
>
> We'd also present to the court invoices where the invoices were all signed with the name Jimmy T. and that the person had said that he was Jimmy Templeton and he was authorized to order on this account and sign with that name.
>
> Mr. Templeton would, of course, testify that he did not enter into that store at any time, did not sign those invoices, did not give the defendant permission to sign his name nor use his account there at Powell's.
>
> \* \* \* \* \* \* \*
>
> Again Mr. Johns would be identified as the person who had come into the store and ordered these parts.
>
> \* \* \* \* \* \* \*
>
> [Mr. Johns] did finally admit that he signed all the invoices, that he did get the parts.

Moreover, during this hearing, the invoices for the two purchases on June 11, 2005 were

admitted into evidence as Commonwealth's Exhibits 2 and 3. Exhibit 2 reflects that the first

- 2 -

purchase occurred at 10:36 a.m. whereas Exhibit 3 reflects that the second purchase occurred at 11:02 a.m.

After finding the defendant guilty of both charges, the trial court ordered a presentence report and set the sentencing date for October 11, 2006.  Thereafter, in November 2006, Johns filed a motion to withdraw his pleas and a motion to merge the two June 11, 2005 grand larceny indictments.  After conducting a hearing on the motions on November 16, 2006, the trial court denied both motions and proceeded to sentence Johns for all offenses.

## II.

In the case before us, we limit our analysis to the narrow issue granted in the petition for appeal:  whether the trial court committed reversible error by refusing to grant Johns' motion to merge two June 11, 2005 grand larceny indictments thereby subjecting him to multiple punishments for the same criminal acts.

The Commonwealth contends, and we agree, that this case is controlled by our decision in Cardwell v. Commonwealth, 28 Va. App. 563, 507 S.E.2d 625 (1998).  In Cardwell, the defendant entered voluntary guilty pleas to two counts of aggravated sexual battery.  Id. at 565, 507 S.E.2d at 626.  Prior to sentencing, he moved to withdraw his pleas and, for the first time, raised a double jeopardy issue.  Id.  We held that "Cardwell's guilty plea controls [his] appeal. He pled guilty without raising a double jeopardy issue and has waived his right to appeal that issue."  Id. at 566, 507 S.E.2d at 627; see also Essex v. Commonwealth, 18 Va. App. 168, 174, 442 S.E.2d 707, 711 (1994) ("Because Essex failed to raise his double jeopardy claim until after his conviction, the claim was not timely raised and was therefore waived.").

Johns asserts that his double jeopardy objection to one of the larceny charges survived his guilty plea.[3]  In support of this argument, he relies upon Menna v. New York, 423 U.S. 61

---

[3] Johns did not address Cardwell in his opening brief.

(1975) (*per curiam*). While the Supreme Court established an exception to the rule barring collateral attacks on guilty pleas in Menna, the exception is not applicable here.[4] In Menna, the Supreme Court added an important qualification to the exception: "We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that – *judged on its face* – the charge is one which the State may not constitutionally prosecute." Id. at 63 n.2 (emphasis added). Stated differently, for the double jeopardy claim to survive, it must appear "clear on the face of the indictment and the existing record." United States v. Broce, 488 U.S. 563, 576 (1988).

In the case before us, conspicuously absent is a claim by Johns that "judged on its face," the Commonwealth was prevented from prosecuting one of the grand larceny charges.[5] Apparently recognizing this fact, Johns sought and was denied an opportunity to expand the record and to provide new evidence to prove his claim.[6] Based on the record presented and the procedural posture of this case we conclude that Menna is inapposite here.

Having concluded that the record, judged on its face, does not establish a double jeopardy violation, we further conclude that Johns' guilty plea forecloses our consideration of the issue. In Broce, the Supreme Court explained that a guilty plea is "more than a confession which

---

[4] In Menna, the Supreme Court cited Blackledge v. Perry, 417 U.S. 21 (1974), for the following proposition: "[w]here the [Commonwealth] is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." 423 U.S. at 62.

[5] The only facial similarity between the two grand larceny indictments is that they share a common date of offense and a common victim. It goes without saying that this, in and of itself, is insufficient to establish that only one offense occurred. "[I]t is no longer necessary to include in the indictment an allegation of every fact in the chain of circumstances comprising the offense charged." Howard v. Commonwealth, 221 Va. 904, 906, 275 S.E.2d 602, 603 (1981) (citing Ward v. Commonwealth, 205 Va. 564, 568, 138 S.E.2d 293, 296 (1964)).

[6] No error was assigned to the trial court's refusal to hear additional evidence on this issue.

- 4 -

admits that the accused did various acts.  It is an admission that he committed the crime charged against him."  488 U.S. at 570 (citations and quotation marks omitted).  Like the respondents in Broce, who pleaded guilty to indictments that on their face described separate conspiracies, the record of the plea hearing in the present case reveals that Johns pleaded guilty to separate and distinct counts of grand larceny.  Moreover, like in Broce, Johns "cannot prove [his] claim without contradicting [the indictments and record], and that opportunity is foreclosed by the admissions inherent in [his] guilty plea[]."  Id. at 576.  Therefore, we determine that Johns waived his right to raise the double jeopardy claim when he entered his voluntary guilty pleas.

III.

For these reasons, we conclude the trial court did not commit reversible error and affirm.

Affirmed.