COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and Senior Judge Coleman
Argued at Chesapeake, Virginia


KENNETH MARVIN HAYES

                                        MEMORANDUM OPINION[*] BY
v.      Record No. 0330-08-1           JUDGE ROBERT J. HUMPHREYS
                                              APRIL 7, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

Daymen W.X. Robinson for appellant.

Eugene Murphy, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Kenneth M. Hayes ("Hayes") appeals his conviction for aggravated sexual battery, in

violation of Code § 18.2-67.3. He argues that the evidence was insufficient to prove that he

forced M.B., a thirteen-year-old minor child, to touch his "intimate parts." See Code

§ 18.2-67.10. We agree and reverse Hayes' conviction and dismiss the indictment.

In reviewing a challenge to the sufficiency of the evidence, we will "'affirm the judgment

unless it appears from the evidence that the judgment is plainly wrong or without evidence to

support it.'" Black v. Commonwealth, 222 Va. 838, 841, 284 S.E.2d 608, 610 (1981) (quoting

Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)).

"Additionally, when a defendant challenges the sufficiency of the evidence, 'if there is evidence

to sustain the verdict, [the appellate court] should not overrule it and substitute its own judgment,

even if its opinion might differ from that of the jury.'" Dowden v. Commonwealth, 260 Va. 459,

---
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

467, 536 S.E.2d 437, 441 (2000) (quoting George v. Commonwealth, 242 Va. 264, 278, 411

S.E.2d 12, 20 (1991)).  In reviewing such a challenge, an appellate court does not "ask itself

whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."

Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original).  Rather, we must ask

whether "*any* rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt."  Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003)

(*en banc*) (quoting Jackson, 443 U.S. at 319) (emphasis in original).

Pursuant to Code § 18.2-67.3, "[a]n accused shall be guilty of aggravated sexual battery

if he or she sexually abuses the complaining witness, and . . . [t]he act is accomplished against

the will of the complaining witness by force, threat or intimidation."  Code § 18.2-67.10 provides

that:

> "Sexual abuse" means an act committed with the intent to sexually
> molest, arouse, or gratify any person, where:
>
> a. The accused intentionally touches the complaining witness's
> intimate parts or material directly covering such intimate parts;
>
> b. The accused forces the complaining witness to touch the
> accused's, the witness's own, or another person's intimate parts or
> material directly covering such intimate parts; . . . .

Code § 18.2-67.10 provides further that "'Intimate parts' means the genitalia, anus, groin, breast,

or buttocks of any person."

In other sexual assault cases, our Supreme Court has repeatedly held that evidence

proving that a touching may have occurred or that a touching occurred in an area near an

intimate part is insufficient to prove guilt.  In Moore v. Commonwealth, 254 Va. 184, 189, 491

S.E.2d 739, 741 (1997), a rape case, the Supreme Court held that evidence "that the man's penis

is placed *on*, not *in*, the woman's sexual organ is insufficient to establish the element of

penetration."  (Emphasis in original).  Likewise, in Ashby v. Commonwealth, 208 Va. 443, 444,

158 S.E.2d 657, 658 (1968), a sodomy case, the Supreme Court held that the victim's testimony that he was forced to "'put my mouth on his privates,'" was insufficient to prove that the defendant's penis penetrated the victim's mouth. Although those cases involved rape and sodomy, the Supreme Court clearly enunciated a principle that in sexual assault cases, the evidence presented must specifically prove the required element of the offense. It is not sufficient to prove that something similar to a touching or penetration occurred. Rather, the Commonwealth must prove an actual touching or penetration.

Here, the Commonwealth failed to present any evidence that Hayes touched M.B.'s intimate parts or that he forced M.B. to touch his intimate parts. M.B.'s only description of Hayes' action was that he was "riding on" her and "moving up and down" in such a manner that she could not get up. As conceded by the Attorney General at oral argument, for whatever reason the attorney for the Commonwealth chose not to ask M.B. and she did not testify as to whether Hayes' intimate parts touched her body or whether Hayes touched her intimate parts. The testimony as elicited by the prosecutor does not prove any contact of either person's intimate parts.

Touching of intimate parts is an essential element of aggravated sexual battery. As such, the Commonwealth was required to prove that touching beyond a reasonable doubt. See Moore, 254 Va. 184, 491 S.E.2d 739. For whatever reason, the Commonwealth chose not to present direct evidence on this point and now argues that M.B.'s testimony supports an inference that Hayes' genitalia or buttocks touched M.B. "[W]hen the Commonwealth relies on circumstantial evidence, all circumstances proved must be consistent with guilt and inconsistent with innocence and exclude all reasonable conclusions inconsistent with guilt." McMorris v. Commonwealth, 276 Va. 500, 506, 666 S.E.2d 348, 351 (2008). Notwithstanding the view of the dissent to the contrary, we decline to expand the Commonwealth's evidence through speculation and cannot

say that the limited evidence presented by the Commonwealth is consistent only with guilt or that it, without more than M.B.'s testimony that Hayes was "riding on" her and "moving up and down," necessarily excludes all reasonable hypotheses of innocence. Therefore, we hold that the Commonwealth failed to present evidence sufficient as a matter of law to convict Hayes of aggravated sexual battery and we reverse the trial court, vacate the conviction, and dismiss the indictment.

<u>Reversed, vacated, and dismissed.</u>

Beales, J., dissenting.

Although I agree with the majority opinion that the prosecutor could have elicited more detail from the victim, M.B., about the incident involving appellant, I find her testimony here was sufficiently descriptive for a rational factfinder to have concluded beyond a reasonable doubt that appellant forced the victim to touch his "intimate parts," thereby committing the sexual abuse that is an element of the offense of aggravated sexual battery. As I would find the evidence was sufficient for a rational factfinder to conclude that appellant should be convicted of violating Code § 18.2-67.3, I must respectfully dissent from the majority opinion.

The victim testified that appellant was "riding on" her, "moving up and down." In order to constitute "riding," common sense dictates that appellant sat on M.B. It is difficult to see how another conclusion could be drawn from M.B.'s characterization of appellant's behavior, especially given that the question before us on appeal is whether *any* rational factfinder could reach the conclusion that the trial court reached here. See Kelly v. Commonwealth, 41 Va. App. 250, 257-58, 584 S.E.2d 444, 447 (2003) (en banc) (discussing the standard of review on appeal). As the evidence proved that appellant was naked when he was "riding on" the victim, appellant necessarily forced M.B., at minimum, to touch his bare buttocks. As "buttocks" is listed as one of the "intimate parts" in Code § 18.2-67.10(2), the forced touching of which is prohibited under Code § 18.2-67.3, the trial court properly convicted appellant of violating that statute. Appellant also apologized to the victim for his behavior, telling her, "Oh, my bad. I thought you was [sic] . . . [your] mother." [1]

---

[1] Appellant does not contend that the Commonwealth failed to prove intent or force or any other element of the crime of aggravated sexual battery, as prohibited by Code § 18.2-67.3. He argues only that the victim did not touch any of his intimate parts and that he did not touch any of her intimate parts.

I do not agree with the majority opinion that <u>Moore v. Commonwealth</u>, 254 Va. 184, 491 S.E.2d 739 (1997), and <u>Ashby v. Commonwealth</u>, 208 Va. 443, 158 S.E.2d 657 (1968), require that the victim in a sexual battery case specifically testify, using the language of the code section, that a defendant forced the victim to "touch" an "intimate part."  In <u>Moore</u>, a rape case, and <u>Ashby</u>, a sodomy case, the victims' testimony specifically proved that the intimate parts were placed "on" the victims, not "in" the victims.  <u>Moore</u>, 254 Va. at 189, 491 S.E.2d at 741 ("The fact that the man's penis is placed on, not in, the woman's sexual organ is insufficient to establish the element of penetration."); <u>Ashby</u>, 208 Va. at 444, 158 S.E.2d at 658 (because the victim testified that he put his mouth "on" the appellant's penis, "the Commonwealth failed to prove penetration").  As rape and sodomy, the crimes alleged in <u>Moore</u> and <u>Ashby</u>, respectively, require that the Commonwealth prove penetration, the victims' testimony in those cases did not allow an inference that those crimes had occurred because, as the Supreme Court noted there, "on" means something very different than "in," given the crimes involved in those cases.

Here, on the other hand, M.B.'s testimony was actually more descriptive than was necessary to prove the offense.  The evidence would apparently have been sufficient for the majority if the victim had testified, given appellant's state of undress, that appellant sat on her.  Instead, she described *how* he sat on her, using the term "riding."  At least, a rational factfinder, who observed the victim's testimony, could certainly conclude that "riding on" her meant that appellant sat on her.  <u>See</u> <u>Webster's Third International Dictionary</u> 1952 (1981) (defining the verb "ride" as "to sit and be carried on the back of an animal (as a horse) that one directs and controls").  Thus, "riding" is a subcategory of touching – as opposed to something similar to but different from a touching, as the majority opinion characterizes the term.  Since we take the evidence on appeal in the light most favorable to the Commonwealth, as the party who prevailed before the trial court, it simply defies common sense to conclude, given the evidence established

that appellant was "riding on" the victim, that no part of the naked man's genitalia or buttocks touched her. Given these facts, no speculation is required to reach this conclusion.

Moore and Ashby do not require that a victim use the specific language found in the Virginia Code in order to prove that a defendant is guilty of a sexual assault crime. Therefore, the Commonwealth did not need to coax M.B. into saying the word, "touch," in order to convict appellant, given she had already testified that appellant was "riding on" her while he was naked. In this case, I would find that the victim's testimony here was sufficiently specific for a rational factfinder to conclude that appellant forced her to touch an intimate body part of his, and I would, therefore, affirm the conviction for aggravated sexual battery. Thus, I must respectfully dissent.