COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia


JULIAN EARL COSELY

                                            MEMORANDUM OPINION[*] BY
v.        Record No. 2478-10-2              JUDGE WILLIAM G. PETTY
                                               NOVEMBER 22, 2011
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                            Harold W. Burgess, Jr., Judge

            Sandra L. Ulloa for appellant.

            Benjamin H. Katz, Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        Julian Earl Cosely was convicted in a bench trial of forcible sodomy in violation of Code

§ 18.2-67.1.[1]  On appeal, Cosely argues that the Commonwealth presented insufficient evidence

to prove the element of penetration.  Cosely admits that he did not preserve this argument in

accordance with Rule 5A:18, but asks that we invoke the ends of justice exception to the Rule.

For the foregoing reasons, we conclude that the exception is inapplicable.  Thus, we affirm.

        Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite below only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.  "On appeal, 'we review the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Cosely was also convicted of other sexual crimes that are not the subject of this appeal.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v.

Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Rule 5A:18 states[2]: "No ruling of the trial court . . . will be considered as a basis for

reversal unless the objection was stated together with the grounds therefor at the time of the

ruling . . . ." "However, Rule 5A:18 permits us to overlook the appellant's failure to preserve the

issue and consider the merits of his argument for the first time on appeal if the ends of justice so

demand."[3] Brittle v. Commonwealth, 54 Va. App. 505, 512, 680 S.E.2d 335, 339 (2009). The

ends of justice exception is a narrow one "'to be used sparingly.'" Id. (quoting Pearce v.

Commonwealth, 53 Va. App. 113, 123, 669 S.E.2d 384, 390 (2008)). Otherwise, Rule 5A:18

would be rendered meaningless. Id. at 513, 680 S.E.2d at 339-40. Thus, an appellant invoking

the ends of justice exception must show not only that an error occurred below, but must also

show the occurrence of "a grave or manifest injustice."[4] Id. at 513, 680 S.E.2d at 339.

Establishing that the evidence was insufficient to prove an element of the offense does not

establish a grave or manifest injustice. Id. at 514, 680 S.E.2d at 340. Rather, the appellant

"'must demonstrate that he . . . was convicted for conduct that was not a criminal offense or the

---

[2] Effective July 1, 2010, Rule 5A:18 was revised to state that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ." Because the trial was completed prior to this revision taking effect, we will rely on the language of Rule 5A:18 that was then in effect. See Fails v. Va. State Bar, 265 Va. 3, 5 n.1, 574 S.E.2d 530, 531 n.1 (2003) (applying the Rule of Court in effect at the time of the proceedings below).

[3] Rule 5A:18 also permits us to consider an argument for the first time on appeal for "good cause." Because Cosely's assignment of error asks us to consider only whether to apply the ends of justice exception, we do not consider whether the good cause exception applies in this appeal. See Rule 5A:12(c) (preventing this Court from considering an issue not presented by an assignment of error).

[4] Alternatively, a person asking for the application of the ends of justice exception could show that he "will be denied essential rights," rather than the occurrence of a grave or manifest injustice. Brittle, 54 Va. App. at 513, 680 S.E.2d at 339. Such a showing is plainly inapplicable to Cosely, and thus, we do not evaluate it in this appeal.

record must affirmatively prove that an element of the offense did not occur.'" Id. (quoting

Redman v. Commonwealth, 25 Va. App. 215, 221-22, 487 S.E.2d 269, 273 (1997)).

Cosely has failed to demonstrate the applicability of the ends of justice exception in this case. He relies exclusively on the fact that the victim did not expressly testify that penetration occurred—"an essential element of the crime of sodomy." Ashby v. Commonwealth, 208 Va. 443, 444, 158 S.E.2d 657, 658 (1968). The victim testified that Cosely made her "have oral sex with him." When asked to define what she meant by oral sex, the victim said, "He would make me put my mouth *on* his penis." (Emphasis added). Cosely points to our case law holding that this kind of testimony is insufficient to prove penetration in certain contexts. E.g., Ashby, 208 Va. at 443, 158 S.E.2d at 658 (holding that a young boy's testimony that he and a friend had briefly put their mouths "on" the appellant's penis was insufficient to prove penetration); see also Moore v. Commonwealth, 254 Va. 184, 189, 491 S.E.2d 739, 741-42 (1997) (holding that contradictory testimony from the victim regarding whether the appellant's penis was "in" or "on" the victim's vagina placed the evidence in equipoise and therefore made it insufficient to prove penetration).

Here, the question before us is not whether the victim's testimony was sufficient to prove penetration, but rather, whether the victim's testimony affirmatively proved that penetration did not occur. Here, the victim did testify that "[Cosely] would make [her] have oral sex with him." It is quite possible that penetration did occur and the victim was simply less than precise in her testimony and would have clarified her answer if asked.[5] Accordingly, Cosely has failed to demonstrate the kind of grave or manifest injustice required to invoke the ends of justice

---

[5] In light of this ambiguous testimony, it also follows that Cosely has not demonstrated that his behavior was not a criminal offense—the other prong of the ends of justice exception.

exception to Rule 5A:18. Since the exception does not apply, Rule 5A:18 bars us from considering Cosely's argument on appeal.

Therefore, we affirm Cosely's conviction for forcible sodomy.

<u>Affirmed.</u>