**Richmond**

JAMES RICHARD EDENTON

V.

COMMONWEALTH OF VIRGINIA

Record No. 831312.

June 15, 1984.

Present: All the Justices

414

R. *Wayne Dawson* for appellant.
*Wayne T. Halbleib, Assistant Attorney General (Gerald L. Baliles, Attorney General; Walter A. McFarlane, Deputy Attorney General*, on brief), for appellee.

PER CURIAM.

The principal question presented by this appeal is whether the misdemeanor of which the accused was convicted was a lesser-included offense of the felony of which he was indicted.

The indictment charged that "James Richard Edenton did operate a motor vehicle . . . after having been found to be an habitual offender . . . and while the order of the court prohibiting such operation was still in effect" in violation of Code § 46.1-387.8.[1] At trial, defendant introduced as an exhibit a certified copy of a judgment entered by a circuit court in another circuit holding that the order adjudicating Edenton an habitual offender was void for lack

---

[1] § **46.1-387.8. Operation of motor vehicle by habitual offender prohibited; penalty; enforcement of section.** — It shall be unlawful for any person to operate any motor vehicle in this State while the order of the court prohibiting such operation remains in effect, except that such an order shall not operate to prevent or prohibit such person from operating a farm tractor upon the highways when it is necessary to move such tractor from one tract of land used for agricultural purposes to another tract of land used for the same purposes, provided that the distance between the said tracts of land shall not exceed five miles. Any person found to be an habitual offender under the provisions of this article who is thereafter convicted of operating a motor vehicle in this State while the order of the court prohibiting such operation is in effect, shall be punished by confinement in the penitentiary not less than one nor more than five years or, in the discretion of the jury or the court trying the case without a jury, by confinement in jail for twelve months and no portion of such sentence shall be suspended, except that in cases wherein such operation is necessitated in situations of apparent extreme emergency which require such operation to save life or limb, said sentence, or any part thereof may be suspended.

For the purpose of enforcing this section, in any case in which the accused is charged with driving a motor vehicle while his license, permit or privilege to drive is suspended or revoked or is charged with driving without a license, the court before hearing such charge shall determine whether such person has been held an habitual offender and by reason of such holding is barred from operating a motor vehicle on the highways of this State. If the court determines the accused has been so held, it shall certify the case to the court of record of its jurisdiction for trial.

of personal jurisdiction. Upon consideration of that exhibit, the trial court, sitting without a jury, entered judgment convicting Edenton of "operating a motor vehicle without a valid operator's license (Virginia Code Section 46.1-349),[2] a misdemeanor and lesser-included offense under the indictment."

■ A person indicted of a felony may be convicted of any offense which is "substantially charged in the indictment, whether it be felony or misdemeanor." Code § 19.2-285. But, defendant contends, the misdemeanor of which he was convicted is not an offense lesser-included in the felony of which he was indicted.

■ In *Ashby v. Commonwealth*, 208 Va. 443, 158 S.E.2d 657 (1968), *cert. denied*, 393 U.S. 1111 (1969), one of the questions on appeal was whether, as the accused argued, the misdemeanor of indecent exposure was an offense lesser-included in the felony of sodomy. Analyzing a statutory predecessor of Code § 19.2-285, we said:

> An accused can be acquitted of the greater offense charged in the indictment and at the same trial convicted of lesser offenses if the lesser offenses "be substantially charged in the indictment." [Citation omitted.] But an indictment charging a greater offense can be considered as also charging only those lesser offenses the elements of which are elements of the greater offense, and the accused can be convicted under the indictment only of the greater offense or of such lesser offenses. [Citation omitted.]
>
> Indecent exposure, though it may occur in almost all cases of sodomy . . . is not a fact that must be charged or proved to sustain a conviction of sodomy in any case . . . . There-

---

[2] § 46.1-349. **Driving without license prohibited; penalties.** — (a) No person, except those expressly exempted in §§ 46.1-352 through 46.1-356 shall drive any motor vehicle on any highway in this State until such person shall have made application for an operator's or chauffeur's license, as hereinafter provided, and satisfactorily passed the examination required by § 46.1-369 and obtained either an operator's or chauffeur's license, nor unless such license issued to such person is valid.

(b) Upon a first conviction of a violation of this section, the penalty imposed shall be as provided in § 46.1-387. Upon a second or subsequent conviction of a violation of this section, which second offense shall have occurred within one year of a first offense, the penalty shall be imprisonment in jail for not less than ten days nor more than six months, and, in addition, may be a fine not less than one hundred dollars nor more than five hundred dollars.

fore, indecent exposure is not a lesser offense included in the offense of sodomy . . . .

208 Va. at 444-45, 158 S.E.2d at 658.

 The act of operating a motor vehicle on the highways of this Commonwealth is a fact common to the offenses defined in Code §§ 46.1-349 and 46.1-387.8. But the *character* of the acts proscribed in those statutes is different. The gravamen of the misdemeanor — the crucial element — is the act of operating a motor vehicle by a driver who has not obtained a valid operator's license by making a lawful application and passing the required examination. The gravamen of the felony is the act of operating a motor vehicle by a driver who has been convicted of multiple violations of the traffic laws and formally adjudged to be a danger to other users of the highways. Just as indecent exposure "is not a fact that must be charged or proved to sustain a conviction of sodomy", *Ashby*, 208 Va. at 445, 158 S.E.2d at 658, the act of driving without a valid operator's license proscribed by Code § 46.1-349 is not a fact that must be charged or proved to sustain a conviction of the felony defined in Code § 46.1-387.8. Consequently, the misdemeanor is not a lesser-included offense.

 Nevertheless, the Attorney General reasons that "[i]t is arguable that the last paragraph of § 46.1-387.8 . . . was designed to evidence the legislature's understanding" to the contrary. That paragraph provides, in part, that when a driver is charged with the misdemeanor of driving without a license, a district court must certify the case to a circuit court if it determines that the driver previously has been adjudicated an habitual offender.

The Attorney General's argument overlooks a significant fact, one the General Assembly is presumed to have known. Even in this age of computerized information, there remain administrative delays incident to the gathering, publication, and dissemination of statewide driving records. Handicapped by such delays, a district court may be unable to discover the existence of an habitual offender order before it convicts the accused of the misdemeanor charge. In such case, the driver would be immunized from punishment for the felony he had committed, because conviction of a lesser-included offense bars prosecution of the offense in which it is included. *Myers* v. *Commonwealth*, 148 Va. 725, 730, 138 S.E. 483, 484 (1927). Such a result would effectively defeat the public

policy goals declared in the Habitual Offender Act, *see* Code §
46.1-387.1, and we reject the Attorney General's reasoning.

We hold that the misdemeanor defined in Code § 46.1-349
is not an offense substantially charged in the indictment of a vio-
lation of Code § 46.1-387.8 and, hence, that the trial court erred
in convicting the defendant of the misdemeanor. We will reverse
the judgment and dismiss the case.

*Reversed and dismissed.*