# CIRCUIT COURT OF RICHMOND COUNTY

Commonwealth of Virginia

v.

Brew

October 31, 1996

BY JUDGE JOSEPH E. SPRUILL, JR.

Defendant Brew came before the Juvenile and Domestic Relations District Court for a preliminary hearing on a charge of statutory rape. After hearing the evidence, the district judge found the defendant guilty of contributing to the delinquency of a minor. As the district judge was explaining his ruling, the Commonwealth's Attorney moved to nolle prosequi the charge. The motion was denied, and the defendant was sentenced to a twenty day jail term.

Thereafter, Brew was indicted by the grand jury on the statutory rape charge. His counsel moves to quash the indictment on grounds of double jeopardy. The Commonwealth has filed a Writ of Certiorari requesting this Court to direct the district court to vacate its previous judgment in this case on constitutional (separation of powers) grounds.

Although posed in different ways, the issues raised by counsel here relate to a single question: whether principles of double jeopardy bar further prosecution of Mr. Brew.

If the district judge had dismissed the charge after hearing the evidence, the Commonwealth clearly could proceed to indict and try the defendant in the circuit court. *Moore v. Commonwealth*, 218 Va. 388 (1977). The critical distinction between Moore and Brew is that Brew was convicted by the district court and Moore was not. The district court has *potential* jurisdiction to proceed under certain circumstances to try the accused for a lesser misdemeanor offense included within the felony charge then before the court. *Moore, id.*; Code § 19.2-186. But when the district court finds no probable cause, it is *"not required"* to proceed to try the accused on the merits of such lesser offense, *although the court may elect to do so. Moore, id.* In this case,

the district court elected to try the accused on a lesser offense. It had, under *Moore*, potential jurisdiction to proceed as it did.

Laying aside for the moment the question of whether the offense Brew was convicted of is a lesser included offense of statutory rape, the question is, as it was in *Rouzie and Boudreau v. Commonwealth*, 215 Va. 174 (1974), whether the district court had jurisdiction to convict of lesser misdemeanor offenses included within the felony charges so that a district court conviction placed defendant in danger, absent a double jeopardy bar, of prosecution for identical or greater included offenses. The Supreme Court found that Code § 19.2-186 (formerly § 19.1-106) bestowed that precise jurisdiction. In *Rouzie*, upon a preliminary hearing for maiming, the municipal court convicted defendants of assault. A subsequent circuit court conviction of the maiming charge was reversed upon principles of double jeopardy.

In *Rouzie*, the court held:

> The double jeopardy clauses of the United States and Virginia Constitutions, as related to the present case, bar prosecution of a criminal charge against an accused already convicted of an identical or lesser included offense ... . Offenses are identical if the facts required to convict of one would necessarily convict of the other.

This brings us to the question of whether the crime of contributing to the delinquency of a minor is a lesser included offense of statutory rape. There seem to be no Virginia cases addressing this specific issue.

In *Ashby v. Commonwealth*, 208 Va. 443 (1968), the Supreme Court held "an indictment charging a greater offense can be considered as also charging only those lesser offenses the elements of which are elements of the greater offense ... ."

There are two elements to the crime of statutory rape: (1) sexual intercourse; and (2) the age of the victim (under 15). There are three elements to the crime of contributing to the delinquency of a minor: (1) the accused has willfully caused or contributed to a condition which renders the child delinquent; (2) the age of the accused (over 18); and (3) the child's age (under 18).

Applying the Ashby test, it does not appear that contributing to the delinquency of a minor is a lesser included offense of statutory rape. A statutory rape charge does not, for example, require proof that the accused was 18 years of age or older. In *Kauffman v. Commonwealth*, 8 Va. App. 400 (1989), the court found that contributing to the delinquency of a minor was not a lesser included offense of aggravated sexual battery because aggravated

sexual battery does not require proof that the defendant was 18 years of age or older and thus all the elements of the lesser charge are not included within the greater charge. In *Ashby, id.*, indecent exposure was found not to be a lesser included offense of sodomy. Even though the Supreme Court found that indecent exposure "may occur in almost all cases of sodomy" it is not a fact that must be charged or proved to sustain a conviction of sodomy in any case. *Ashby, id.*, p. 445. In *Edenton v. Commonwealth*, 227 Va. 413 (1984), driving without a license was found not to be a lesser included offense of driving while an habitual offender.

To be a lesser included offense, every commission of the greater offense must also be a commission of the lesser offense. *Kauffman, id.* A 17 year old could be convicted of statutory rape but for the same act could not be convicted of contributing to the delinquency of a minor.

Upon this analysis, contributing to the delinquency of a minor is not a lesser included offense of statutory rape and the accused was never "in jeopardy" in the district court proceeding.

This, however, does not end our inquiry. Brew has been before a court of this Commonwealth, convicted, and sentenced to jail. The Commonwealth urges another prosecution upon the same evidence which was the basis for his district court conviction. To permit this seems, to this court, inequitable and unfair. Brew, after all, was not responsible for the conduct of these proceedings. To continue on appears to violate the spirit, if not the letter, of the law. As the Supreme Court wrote in *Rouzie*, "any equity involved in a double jeopardy plea inures to the benefit of the accused."

For these reasons, the motion to quash the indictment will be sustained.