COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued at Richmond, Virginia


WARREN M. COUNCILL
                                            OPINION BY
v.    Record No. 1053-01-1          JUDGE ROBERT P. FRANK
                                          MARCH 12, 2002
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                    AND COUNTY OF JAMES CITY
                Samuel Taylor Powell, III, Judge

        H. Woodrow Crook for appellant.

        Steven A. Witmer, Assistant Attorney General
        (Randolph A. Beales, Attorney General, on
        brief), for appellee.


    Warren M. Councill (appellant) was convicted in a bench

trial of driving under the influence of alcohol, a misdemeanor,

in violation of Code § 18.2-266.  On appeal, he contends the

trial court erred in denying his motion to quash the warrant.

Appellant claims the campus police officer had no jurisdiction

to arrest appellant on non-campus property.  For the reasons

stated, we affirm appellant's conviction.

                        BACKGROUND

    On the evening of October 6, 2000, J.R. Hazelwood, a campus

police officer for the College of William and Mary, was sitting

in his vehicle on Stadium Drive on the William and Mary campus.

He observed appellant leave a delicatessen across the street

from the campus and drive out of a lighted parking lot onto Richmond Road without activating his headlights. Appellant then drove north on Richmond Road, a public highway immediately adjacent to the campus. The officer followed appellant down Richmond Road.

When he realized his headlights were off, appellant turned his headlights on and made a right turn off of Richmond Road. He then stopped for Officer Hazelwood, who had activated his emergency equipment. Appellant was never on the campus of William and Mary.

Appellant filed a motion "to quash the warrant" and "suppress the evidence resulting from an unlawful arrest," arguing the arrest was unlawful because it occurred outside the jurisdiction of the campus police officer. The Commonwealth's attorney and defense attorney stipulated that the campus police officer's jurisdiction for a stop or arrest was controlled by Code § 23-234(i).

The trial court denied the motion and convicted appellant of driving under the influence.[1]

## ANALYSIS

Appellant contends Officer Hazelwood lacked the authority to arrest him on a public highway immediately adjacent to the

---

[1] The Written Statement of Facts, filed in this appeal pursuant to Rule 5A:8(c), does not describe the stipulation upon which the trial court based its finding of guilt.

William and Mary campus, where the officer was employed, because Code § 23-234(i) does not allow such arrests.

Code § 23-234 states, in part:

> A campus police officer . . . may exercise the powers and duties conferred by law upon police officers of cities, towns, or counties . . . (i) upon any property owned or controlled by the relevant public or private institution of higher education, or, upon request, any property owned or controlled by another public or private institution of higher education and upon the streets, sidewalks, and highways, immediately adjacent thereto, (ii) pursuant to a mutual aid agreement provided for in § 15.2-1727 between the governing board of a public or private institution and such other institution of higher education, public or private, in the Commonwealth or adjacent political subdivisions, (iii) in close pursuit of a person as provided in § 19.2-77, and (iv) upon approval by the appropriate circuit court of a petition for concurrent jurisdiction in designated areas with the police officers of the county, city, or town in which the institution, its satellite campuses, or other properties are located.

(Emphasis added). The determinative issue is whether the phrase highlighted above refers to "the relevant" institution's property, i.e., the campus where the officer is employed, or the property of "another" institution, i.e., a campus that does not employ the officer, or both.

Appellant contends the highlighted phrase refers to only property of "another" institution. This interpretation of the statute limits a campus police officer's authority to the actual grounds of his own campus and excludes from his jurisdiction the

sidewalks, streets, or highways immediately adjacent to that campus. However, this interpretation would extend a campus officer's authority to streets, sidewalks, and highways adjacent to "another" campus when his presence is requested at "another" institution.

The Commonwealth argues this interpretation leads to an absurd and illogical result -- the campus police officer would have broader authority at another institution than at the institution that employs him. We agree with the Commonwealth.

Even assuming appellant's argument that Code § 23-234 is penal in nature and "must be strictly construed against the Commonwealth," such a perspective would "not mean . . . that [appellant] is entitled to a favorable result based upon an unreasonably restrictive interpretation of the statute." Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979). See also Davis v. Commonwealth, 4 Va. App. 27, 30, 353 S.E.2d 905, 906 (1987). "[A] statute should never be construed so that it leads to absurd results." Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). Moreover, "words and phrases used in a statute should be given their ordinary and usually accepted meaning unless a different intention is fairly manifest." Woolfolk v. Commonwealth, 18 Va. App. 840, 847, 447 S.E.2d 530, 534 (1994) (citing Huffman v. Kite, 198 Va. 196, 199, 93 S.E.2d 328, 331 (1956)). "Courts must give effect to legislative intent, which must be gathered from the words used, unless a literal construction would involve a manifest absurdity." HCA Health Servs. of Virginia, Inc. v. Levin, 260

Va. 215, 220, 530 S.E.2d 417, 420 (2000).  See also Woolfolk, 18
Va. App. at 847, 447 S.E.2d at 533.

Prior to its 1992 amendment, Code § 23-234 read, in
pertinent part:

> [A] campus police officer . . . may exercise
> the powers and duties conferred by law upon
> police officers of cities, towns, or
> counties . . . (i) upon any property owned
> or controlled by the institution for which
> he was appointed and upon the streets,
> sidewalks, and highways, immediately
> adjacent thereto . . . .

Code § 23-234 (1991), amended by 1992 Va. Acts, ch. 187.  The
1992 amendment expanded a campus officer's jurisdiction by
inserting the phrase "or upon request, any property owned or
controlled by another public or private institution of higher
education" into the original text and before the phrase, "and
upon the streets, sidewalks, and highways, immediately adjacent
thereto."  1992 Va. Acts ch. 187.

The original language clearly conferred upon campus police
the authority to arrest suspects on property immediately adjacent
to the campus of the employing institution.  It is illogical to
assume the legislature, with its 1992 amendment, intended to
dilute this authority of campus police officers by removing their
jurisdiction over "streets, sidewalks, and highways, immediately
adjacent" to the relevant institution while conferring this
authority over property adjacent to "another" institution.
Nothing in the amendment suggests the General Assembly intended
to so restrict the authority of the campus police.  In fact, the
amendment clearly suggests the legislature's intention was to
extend the authority of campus police.

We conclude Code § 23-234(i) authorizes campus police officers to exercise their powers on their own campus, on another campus by invitation, and upon the streets, sidewalks, and highways immediately adjacent to such campuses.  The trial court did not err in denying appellant's motion to quash the warrant. We, therefore, affirm the conviction.

Affirmed.