COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Senior Judge Willis
Argued at Alexandria, Virginia


VICKI LEE SHREVE

                                                        OPINION BY
v.        Record No. 1598-03-4          JUDGE JEAN HARRISON CLEMENTS
                                                    DECEMBER 14, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PAGE COUNTY
John J. McGrath, Jr., Judge

Seth I. Howard (Joseph R. Winston, Special Appellate Counsel;
Public Defender Commission, on briefs), for appellant.

Donald E. Jeffrey, III, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Vicki Lee Shreve was convicted in a bench trial of driving without a valid license, in

violation of Code § 46.2-300. On appeal, Shreve contends the evidence was insufficient, as a matter

of law, to prove that her suspended license was not a "valid" license as contemplated by Code

§ 46.2-300. Finding no error, we affirm the conviction.

I. BACKGROUND

The record before us includes, in lieu of a transcript, a written statement of facts, made a part

of the record pursuant to Rule 5A:8. As set forth in that statement of facts, on September 9, 2002,

Police Officer R.B. Dean received a report that Shreve was driving on a suspended license, traveling

toward the Town of Stanley. Officer Dean stopped Shreve's vehicle in Page County. Shreve

admitted that she had previously been stopped by the police and knew her license was suspended.

Officer Dean charged Shreve with driving on a suspended license, in violation of Code § 46.2-301.

Shreve was subsequently convicted in general district court of driving without a valid license, in violation of Code § 46.2-300. She appealed her conviction to the circuit court.

At trial, the Commonwealth's evidence consisted of Officer Dean's testimony and a certified copy of Shreve's Department of Motor Vehicles (DMV) driving record transcript, which was admitted into evidence. The DMV record reflected that, on March 22, 1999, DMV issued Shreve a driver's license with an expiration date of November 30, 2002. The record further revealed that, on May 1, 2002, DMV suspended Shreve's license effective May 16, 2002, for a "non motor vehicle related" reason and that Shreve accepted notice of the order of suspension on May 6, 2002.

Shreve did not appear at trial, nor did her attorney present any evidence on her behalf. The Commonwealth argued that Shreve's license was "invalid." The trial court found Shreve guilty of driving without a valid license, in violation of Code § 46.2-300.

Thereafter, Shreve filed a motion to set aside her conviction, arguing that a suspension of a driver's license does not render the license invalid and that her license was valid until its expiration date of November 30, 2002. The trial court denied Shreve's motion and entered a final judgment of conviction.

This appeal followed.

## II. ANALYSIS

The sole issue in this appeal is whether Shreve's action of driving on a suspended license was sufficient, as a matter of law, to prove she was operating a motor vehicle with a license that was not "valid" as contemplated by Code § 46.2-300.[1] Because this is a question of law involving the

---

[1] By order dated March 29, 2004, a three-judge panel of this Court denied Shreve's petition for appeal with regard to her claim that the trial court lacked authority to convict her of driving without a license in violation of Code § 46.2-300 because that offense did not constitute a lesser-included offense of driving on a suspended or revoked driver's license in violation of Code § 46.2-301, the offense charged in the summons. That issue, therefore, is not now before us.

interpretation of Code § 46.2-300, we review the trial court's judgment *de novo*. See Sink v.

Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998) (noting that, "although the trial

court's findings of historical fact are binding on appeal unless plainly wrong, we review the trial

court's statutory interpretations and legal conclusions *de novo*").

Code § 46.2-300 provides:

> No person . . . shall drive any motor vehicle on any highway
> in the Commonwealth until such person has applied for a driver's
> license, as provided in this article, satisfactorily passed the
> examination required by § 46.2-325, and obtained a driver's license,
> *nor unless the license is valid*.

(Emphasis added.)

Shreve maintains, on appeal, that the Commonwealth failed to prove that her driver's license

was not "valid" under Code § 46.2-300 at the time of the alleged offense on September 9, 2002.

She argues that, having obtained her driver's license by making a lawful application and passing the

required examination, her license remained "valid" until November 30, 2002, its expiration date.

The "suspension" of her license, her argument continues, was merely a temporary withdrawal of the

privilege to drive and did not, unlike a revocation, require reapplication at the end of the suspension

period to be reinstated.[2] Thus, she concludes, notwithstanding the suspension of her privilege to

drive, her license was still "valid" on September 9, 2002, and she could not, therefore, be found

guilty of violating Code § 46.2-300.

In support of her argument that, even though it was suspended, her license was still valid

under Code § 46.2-300 because she had obtained it via a lawful application and successful

---

[2] Code § 46.2-100 defines "suspend" or "suspension" as meaning "that the document or privilege suspended has been temporarily withdrawn, but may be reinstated following the period of suspension unless it has expired prior to the end of the period of suspension." The same statute defines "revoke" or "revocation" as meaning "that the document or privilege revoked is not subject to renewal or restoration except through reapplication after the expiration of the period of revocation."

examination, Shreve relies on the Supreme Court's statement in <u>Edenton v. Commonwealth</u>, 227 Va. 413, 417, 316 S.E.2d 736, 738 (1984), that "[t]he gravamen of the misdemeanor [offense of driving without a valid operator's license] . . . is the act of operating a motor vehicle by a driver who has not obtained a valid operator's license by making a lawful application and passing the required examination." Shreve's reliance on that statement is misplaced, however, because the Supreme Court's inquiry in <u>Edenton</u> was limited to determining whether a defendant indicted for driving after having been adjudged an habitual offender could be convicted instead of driving without a valid operator's license. <u>Id.</u> at 415, 316 S.E.2d at 737-38. Analyzing a substantially similar statutory predecessor of Code § 46.2-300, the Court held that a defendant could not be so convicted because driving without a valid license was not a lesser-included offense of driving after having been adjudged an habitual offender. <u>Id.</u> at 417-18, 316 S.E.2d at 738. In reaching that conclusion, the Court focused on the distinctive element of the driving-without-a-valid-license offense—the act of driving without a valid operator's license—rather than on the question of what constituted a "valid" license. Thus, we conclude that the Supreme Court did not undertake to define the term "valid operator's license" in <u>Edenton</u> and, thus, its statement therein regarding the "gravamen" of the driving-without-a-valid-license offense does not control the resolution of the inquiry in this case.

Turning to the statutory-interpretation issue presented in this case, we are mindful of the following familiar principles:

> It is one of the fundamental rules of construction of statutes that the intention of the legislature is to be gathered from a view of the whole and every part of the statute taken and compared together, giving to every word and every part of the statute, if possible, its due effect and meaning, and to the words used their ordinary and popular meaning, unless it plainly appears that they were used in some other sense. If the intention of the legislature can be thus discovered, it is not permissible to add to or subtract from the words used in the statute.

Posey v. Commonwealth, 123 Va. 551, 553, 96 S.E. 771, 771 (1918). Additionally, "it is a cardinal principle of law that penal statutes are to be construed strictly against the [Commonwealth] . . . . Such a statute cannot be extended by implication, or be made to include cases which are not within the letter and spirit of the statute." Wade v. Commonwealth, 202 Va. 117, 122, 116 S.E.2d 99, 103 (1960). Nevertheless, "we will not apply 'an unreasonably restrictive interpretation of the statute' that would subvert the legislative intent expressed therein." Armstrong v. Commonwealth, 263 Va. 573, 581, 562 S.E.2d 139, 144 (2002) (quoting Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979)). "We must also assume that the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute." Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990). Moreover,

> [i]t would be absurd to conclude that the legislature would say the same thing twice in one statutory provision. . . . The rules of statutory interpretation argue against reading any legislative enactment in a manner that will make a portion of it useless, repetitious, or absurd. On the contrary, it is well established that every act of the legislature should be read so as to give reasonable effect to every word and to promote the ability of the enactment to remedy the mischief at which it is directed.

Clark v. Commonwealth, 22 Va. App. 673, 683, 472 S.E.2d 663, 667-68 (1996), aff'd on reh'g en banc, 24 Va. App. 253, 481 S.E.2d 495 (1997).

These principles support the conclusion that the legislature intended to recognize separate violations of Code § 46.2-300 for (1) driving after failing to apply for a driver's license, satisfactorily pass the examination, and obtain the license and (2) driving without a valid license. Code § 46.2-300 prohibits a person from driving on the highways of Virginia "until" the acts of applying for a license, passing an examination, and obtaining the license are accomplished. In addition, the statute prohibits a person from driving on the highways of Virginia "unless the license is valid." In drafting the statute, the legislature separated the two prohibitions with a comma

followed by the disjunctive word "nor." We have noted that, pursuant to the rules of grammar, "phrases separated by a comma and [a] disjunctive . . . are independent." Smoot v. Commonwealth, 37 Va. App. 495, 501, 559 S.E.2d 409, 412 (2002). The disjunctive serves to connect the two parts of the sentence but also to keep them separate and independent. See id. Accordingly, the phrase prohibiting driving without a valid license is separate and independent from the phrase prohibiting driving after failing to apply for a driver's license, satisfactorily pass the examination, and obtain the license. "Each phrase therefore[] specifies a separate and distinct proscription that may constitute a violation of . . . the statute." Garcia v. Commonwealth, 40 Va. App. 184, 191-92, 578 S.E.2d 97, 100 (2003). Hence, we reject Shreve's argument that the only ground for convicting her of violating Code § 46.2-300 required findings that she had not applied for a driver's license, not satisfactorily passed the examination, and not obtained the license.

We also reject Shreve's argument that driving on a "suspended" license did not constitute driving without a "valid" license. Although Shreve had been issued a driver's license by DMV with an expiration date of November 30, 2002, on the date of the offense, that license was suspended, meaning that her license or privilege to drive on the highways of the Commonwealth had been "temporarily withdrawn." Code § 46.2-100. Thus, Shreve's suspended license did not authorize her to operate a motor vehicle on the highway at the time of the offense. Id. Although the Code does not provide a definition of what constitutes a "valid" license under Code § 46.2-300, Black's Law Dictionary 1586 (8th ed. 2004) defines "valid" as "[l]egally sufficient; binding." See Moyer v. Commonwealth, 33 Va. App. 8, 35, 531 S.E.2d 580, 593 (2000) (en banc) (noting that if the Code of Virginia does not provide a statutory definition we may look to the dictionary definition to determine legislative intent). Thus, a driver's license is not "valid" under Code § 46.2-300 unless it is legally sufficient to meet its intended purpose, namely, authorizing the operator of the motor vehicle to drive on the highways of Virginia.

Because Shreve's suspended license was not legally sufficient to authorize her to drive a motor vehicle on the highways of the Commonwealth on September 9, 2002, her suspended license did not constitute a valid license.  To conclude otherwise would yield an absurd result.  See Councill v. Commonwealth, 37 Va. App. 610, 614, 560 S.E.2d 472, 473 (2002) (noting that a statute should not be construed in a way which leads to absurd results).

For these reasons, we hold that the Commonwealth's evidence was sufficient to prove beyond a reasonable doubt that Shreve was guilty of violating Code § 46.2-300, and we affirm her conviction.

Affirmed.