COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Judge Humphreys and Senior Judge Clements
Argued at Richmond, Virginia


ANTWAIN LEVELLE HARRIS

                                                                OPINION BY
v.      Record No. 0406-09-2              CHIEF JUDGE WALTER S. FELTON, JR.
                                                                MAY 18, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
William L. Wellons, Judge

M. Paul Valois (James River Legal Associates, on brief), for
appellant.

Susan M. Harris, Assistant Attorney General (Kenneth T. Cuccinelli,
II, Attorney General, on brief), for appellee.


Following a bench trial, Antwain Levelle Harris ("appellant") was convicted of driving on a

suspended license, third or subsequent offense, in violation of Code § 46.2-301.  Appellant

contends the trial court erred in doing so.  For the following reasons, we affirm the judgment of

the trial court.

The evidence proved that on April 20, 2008 appellant was charged with driving on a

suspended license, third or subsequent offense.  At trial, the parties stipulated that appellant had

previously been convicted of driving on a suspended license on December 21, 1998 and October

3, 2000 in violation of a City of Danville ordinance "substantially similar" to Code § 46.2-301.

The record also showed that appellant had been convicted of driving on a suspended license on

September 2, 2007 in violation of Code § 46.2-301(B).

On appeal, appellant contends the trial court erred in finding the evidence sufficient to

convict him of driving on a suspended license, third or subsequent offense.  He asserts that he

had been convicted of violating Code § 46.2-301(B) on only one prior occasion and that his two

prior convictions for driving on a suspended license under a substantially similar Danville city

ordinance cannot be used to enhance punishment pursuant to Code § 46.2-301(C). Appellant's

argument is without merit.

Code § 46.2-301 provides, in pertinent part:

> B. Except as provided in [Code] §§ 46.2-304 and 46.2-357, no
> resident or nonresident (i) whose driver's license . . . has been
> suspended or revoked or (ii) who has been directed not to drive by
> any court . . . , or (iii) who has been forbidden, as prescribed by
> operation of any statute of the Commonwealth or a substantially
> similar ordinance of any county, city or town, to operate a motor
> vehicle in the Commonwealth shall thereafter drive any motor
> vehicle . . . on any highway in the Commonwealth until the period
> of such suspension or revocation has terminated or the privilege
> has been reinstated or a restricted license is issued . . . .

> C. A violation of subsection B is a Class 1 misdemeanor. A third
> or subsequent offense occurring within a 10-year period shall
> include a mandatory minimum term of confinement in jail of 10
> days.

Code § 46.2-301(C) classifies driving on a suspended license as a Class 1 misdemeanor.

However, "[a] third or subsequent offense occurring within a 10-year period shall include a

mandatory minimum term of confinement in jail of 10 days." Id.

> "Under basic rules of statutory construction, we examine a statute
> in its entirety, rather than by isolating particular words or phrases.
> When the language in a statute is clear and unambiguous, we are
> bound by the plain meaning of that language. We must determine
> the General Assembly's intent from the words appearing in the
> statute, unless a literal construction of the statute would yield an
> absurd result."

Schwartz v. Commonwealth, 45 Va. App. 407, 450, 611 S.E.2d 631, 653 (2005) (quoting

Cummings v. Fulghum, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001)). "[A] statute should be

read to give reasonable effect to the words used 'and to promote the ability of the enactment to

remedy the mischief at which it is directed.'" Mayhew v. Commonwealth, 20 Va. App. 484,

489, 458 S.E.2d 305, 307 (1995) (quoting Jones v. Conwell, 227 Va. 176, 181, 314 S.E.2d 61, 64 (1984)).

Viewing Code § 46.2-301 in its entirety, we conclude the enhanced punishment provision in subsection C, on proof of three or more offenses of driving on a suspended license, necessarily encompasses violation of a "substantially similar [local] ordinance." Code § 46.2-301(B); see also Shreve v. Commonwealth, 44 Va. App. 541, 546, 605 S.E.2d 780, 782 (2004) ("'the intention of the legislature is to be gathered from a view of the whole and every part of the statute taken and compared together'" (quoting Posey v. Commonwealth, 123 Va. 551, 553, 96 S.E. 771, 771 (1918))).[1]

The evidence proved that appellant had been convicted of driving on a suspended license on three prior occasions, once on a charge of violating Code § 46.2-301(B) and twice on charges of violating a "substantially similar" ordinance under Code § 46.2-301(B). Accordingly, we conclude the trial court did not err in convicting appellant of driving on a suspended license, third or subsequent offense, nor did it err in sentencing appellant to a mandatory minimum of ten days incarceration pursuant to Code § 46.2-301(C).

For the foregoing reasons, we affirm appellant's conviction.

                                                                    Affirmed.

---

[1] We do not find it necessary to evaluate the legislature's use of the word "offense" rather than "conviction" as the trial court did, as the statute itself expressly lists "substantially similar [local] ordinance" in subsection B under which a person is subject to conviction under the statute. Code § 46.2-301.