COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Petty
Argued at Lexington, Virginia


LARRY DANIEL WALKER, JR.

MEMORANDUM OPINION[*] BY

v.       Record No. 0791-09-3          JUDGE ROBERT J. HUMPHREYS
                                        JUNE 22, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
David A. Melesco, Judge

Mark T. Williams (Williams, Morrison, Light & Moreau, on brief),
for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Larry Daniel Walker, Jr. ("Walker") was convicted in a bench trial of driving after having

been declared a habitual offender, second offense in violation of Code § 46.2-357.  He was

sentenced to three years of imprisonment, with all but twelve months suspended for ten years of

good behavior.  On appeal, Walker claims that the trial court erred in using a prior conviction for

driving as a habitual offender under the City Code of Danville, Virginia, to enhance the habitual

offender punishment under the Virginia Code to a felony as a second or subsequent offense.  For

the following reasons, we disagree and affirm.

## ANALYSIS

On appeal, Walker contends the trial court erred in using the prior conviction under the

City Code of Danville to enhance the habitual offender conviction to a felony as a second or

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

subsequent offense. Specifically, he claims that the habitual offender statute does not permit the use of similar ordinances to enhance the conviction pursuant to Code § 46.2-357.

"A matter of statutory interpretation . . . presents a pure question of law, which we review de novo." Giles v. Commonwealth, 277 Va. 369, 373, 672 S.E.2d 879, 882 (2009) (citations omitted).

> "Under basic rules of statutory construction, we examine a statute in its entirety, rather than by isolating particular words or phrases. When the language in a statute is clear and unambiguous, we are bound by the plain meaning of that language. We must determine the General Assembly's intent from the words appearing in the statute, unless a literal construction of the statute would yield an absurd result."

Harris v. Commonwealth, 56 Va. App. 253, 255-56, 692 S.E.2d 656, ___ (2010) (quoting Schwartz v. Commonwealth, 45 Va. App. 407, 450, 611 S.E.2d 631, 653 (2005)). "'[A] statute should be read to give reasonable effect to the words used and to promote the ability of the enactment to remedy the mischief at which it is directed.'" Id. at 256, 692 S.E.2d at ___ (quoting Mayhew v. Commonwealth, 20 Va. App. 484, 489, 458 S.E.2d 305, 307 (1995)).

> "An undefined term must be 'given its ordinary meaning, given the context in which it is used.'" Sansom v. Bd. of Supervisors, 257 Va. 589, 594-95, 514 S.E.2d 345, 349 (1999) (quoting Dep't of Taxation v. Orange-Madison Coop. Farm Serv., 220 Va. 655, 658, 261 S.E.2d 532, 533-34 (1980)). We strictly construe penal statutes against the Commonwealth, Welch v. Commonwealth, 271 Va. 558, 563, 628 S.E.2d 340, 342 (2006), but remember "that the plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction," Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983). Hence, "we will not apply 'an unreasonably restrictive interpretation of the statute' that would subvert the legislative intent expressed therein." Armstrong v. Commonwealth, 263 Va. 573, 581, 562 S.E.2d 139, 144 (2002) (quoting Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979)).

Lacey v. Commonwealth, 54 Va. App. 32, 37-38, 675 S.E.2d 846, 849 (2009).

The City of Danville ordinance § 21-3(a) under which Walker was previously convicted states:

> Pursuant to the authority of section 46.2-131 of the Code of Virginia, all of the provisions and requirements of the laws of the Commonwealth contained in title 46.2 of the Code of Virginia and in effect on July 1, 1998, except those provisions and requirements the violations of which constitute a felony and except those provisions and requirements which, by their nature, can have no application to or within the City, and except those provisions which by law may not be adopted or incorporated, are hereby adopted and incorporated *mutates mutandis* in this chapter by reference and made applicable within the City. References to "highways of the state" contained in such provisions and requirements hereby adopted shall be deemed to refer to the streets, highways and other public ways within the City. Such provisions and requirements are adopted and made a part of this chapter as fully as though set forth at length herein, and it shall be unlawful for any person within the City to violate, or fail, neglect or refuse to comply with, any such provision or requirement; provided that, in no event shall the penalty imposed for the violation of any such provision or a requirement exceed the penalty imposed for a similar offense under title 46.2 of the Code of Virginia.

Code § 46.2-357(A) makes it unlawful "for any person determined or adjudicated an habitual offender to drive any motor vehicle or self-propelled machinery or equipment on the highways of the Commonwealth while the revocation of the person's driving privilege remains in effect." Code § 46.2-357(B)(3) provides "[i]f the offense of driving while a determination as an habitual offender is in effect is a second or subsequent such offense, such person shall be punished as provided in subdivision 2 of this subsection, irrespective of whether the offense, of itself, endangers the life, limb, or property of another."

The reference to subsection 2 enhances the punishment to a

> felony punishable by confinement in a state correctional facility for not less than one year nor more than five years, one year of which shall be a mandatory minimum term of confinement or, in the discretion of the jury or the court trying the case without a jury, by mandatory minimum confinement in jail for a period of 12 months.

Code § 46.2-357(B)(2). The very last sentence of subsection 2 further notes that "[f]or the purposes of this *section*, an offense in violation of a valid local ordinance, or law of any other jurisdiction, which ordinance or law is substantially similar to any provision of law herein shall be considered an offense in violation of such provision of law." Id. (emphasis added).

In looking at Code § 46.2-357 in its entirety, we conclude that the plain meaning of the last sentence of subsection 2 beginning "[f]or the purposes of this section" means that, in determining what prior "offenses" are encompassed within this code section, the General Assembly intended that the provisions of that subsection apply to that entire section of the Code, including subsection 3. The language in Code § 46.2-357 which specifically refers to a "subdivision" and "subsections" when it refers to a specific subpart indicates to us that the General Assembly intentionally drew this distinction. See Code § 46.2-357(B)(3) ("as provided in subdivision 2 of this subsection"); § 46.2-357(D) ("subdivisions 2 and 3 of subsection B"). However, the language in Code § 46.2-357(B)(2) merely states "this section." Therefore, for the purposes of a prior offense, "an offense in violation of a valid local ordinance . . . which ordinance . . . is substantially similar to any provision of laws herein shall be considered an offense in violation of such provision of law." Code § 46.2-357(B)(2).

The evidence proved that Walker was convicted in 2005 of driving as a habitual offender in violation of the City Code of Danville, which was substantially similar to Code § 46.2-357(B)(2) in that it specifically incorporated Title § 46.2 and stated it was unlawful for any person to violate such provisions. Therefore, we hold the conviction under the City Code of Danville constitutes a prior offense under Code § 46.2-357, and thus conclude that the trial court

did not err in using the prior conviction to enhance the habitual offender conviction to a felony as a second or subsequent offense.

Affirmed.
